**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| BRANDON WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-04209-SRB |
| | ) | |
| CITY OF JEFFERSON, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Chief Magistrate Judge Willie J. Epps, Jr.'s Report and Recommendation (Doc. #4) to deny Plaintiff Brandon White's ("Plaintiff") motion for leave to proceed in forma pauperis (Doc. #3.) Plaintiff filed objections to the Report and Recommendation. (Doc. #6.)

After an independent review of the record, the applicable law, and Plaintiff's arguments, the Court ADOPTS the Report and Recommendation (Doc. #4.) Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Doc. #4) be attached to and made a part of this Order, and that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #3) is DENIED.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2026.

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| BRANDON WHITE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF JEFFERSON, MISSOURI; JEFFERSON CITY POLICE DEPARTMENT; COLE COUNTY PROSECUTING ATTORNEY'S OFFICE; STATE OF MISSOURI/ATTORNEY GENERAL OF MISSOURI; MISSOURI STATE HIGHWAY PATROL; MIDWEST PUBLIC RISK OF MISSOURI; and UKNOWN/UNNAMED OFFICERS & OFFICIALS (1-15), in their individual and official capacities,<br><br>Defendants. | ) | No. 2:26-cv-04209-WJE |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Brandon White, *pro se*, has requested leave to proceed with his complaint without payment of the filing fee, pursuant to 28 U.S.C. § 1915, and submitted a financial affidavit in support. (Docs. 1, 3). For the reasons set forth below, it is recommended that Mr. White's motion be denied and the case be dismissed.

## I. Background

This matter arises from alleged instances of excessive force and retaliatory prosecution against Mr. White. (*See* Doc. 1-1). In his complaint, Mr. White names as defendants the City of Jefferson, Missouri; Jefferson City Police Department; Cole County, Missouri; Cole County Prosecuting Attorney's office; the State of Missouri/Attorney General of Missouri in his official capacity; Missouri State Highway Patrol; Midwest Public Risk of Missouri; and fifteen

Unknown/Unnamed Officers & Officials, purported to be law enforcement officers, state troopers, and prosecutors, in their individual and official capacities. (Doc 1-1 at 2). Mr. White alleges violations of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, and state law claims of malicious prosecution, defamation per se, battery, intentional infliction of emotional distress, conversion, and civil conspiracy. (Doc. 1-1 at 1-2).

## II. Legal Standard

Section 1915(a)(1) states that the Court may authorize the continuation of any suit without prepayment of fees or costs by a person who submits an affidavit that he is unable to pay such fees or costs. In weighing the application, the Court is guided by Local Rule 83.7, which states that the court fees and costs should not "cause the applicant to give up the basic necessities of life."

Upon the determination of the applicant's ability to pay the requisite fee, the Court must review the action under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). While a *pro se* pleading is to be liberally construed, it still must allege some facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the named defendant(s), based on some established rule of law. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that she was deprived of a right secured by the Constitution and the laws of the United States by a person acting under color

of state law. *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). A private actor may be liable under § 1983 if it is a "willful participant in joint activity with the State," for which a plaintiff must plausibly allege "a meeting of the minds" between the two actors. *Magee v. Tr. of the Hamline University, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (citations omitted).

## III. Discussion

The Court has reviewed Mr. White's affidavit of financial status and finds that he is qualified for in forma pauperis status based on economic need. However, applying 28 U.S.C. § 1915(e)(2)(B) and Local Rule 83.7 to the case at hand, Mr. White's complaint fails to state a claim upon which relief can be granted.

### A. The complaint fails to state a § 1983 claim against the City of Jefferson, Missouri, and Cole County, Missouri.

Mr. White has named the City of Jefferson, Missouri, and Cole County, Missouri, as defendants. (*See* Doc. 1-1). A local governing body, such as a city or county, can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). A municipality cannot be held liable under § 1983 on a theory of respondeat superior. *Id.* at 691. To prevail on a *Monell* claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). At a minimum, the complaint must contain factual allegations that support the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

The complaint fails to allege any facts that would support the existence of an unconstitutional policy, custom, or failure to train or supervise. It recites the elements of *Monell*

liability but does not provide any facts to support these allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). The complaint does not contain any factual allegations that would support the proposition that Mr. White's rights were violated due to an unconstitutional policy, custom, or failure to train by either Cole County or the City of Jefferson, Missouri. *See Davis-Bey v. Bellefontaine Neighbors Police Dep't*, No. 4:20-CV-00213-JAR, 2020 WL 6196388, at *10 (E.D. Mo. Oct. 21, 2020). The complaint does not allege facts to support the proposition that there was an official unconstitutional policy, a widespread pattern of conduct, or a pattern of similar constitutional violations by untrained employees. *See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) (holding that a plaintiff can establish an unconstitutional "custom" by demonstrating "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees"); *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (holding that a plaintiff can establish a deliberately indifferent failure to train or supervise by alleging a "pattern of similar constitutional violations by untrained employees"). Accordingly, the complaint fails to state a § 1983 claim against the City of Jefferson, Missouri, and Cole County, Missouri.

**B. The complaint fails to state a claim against the Jefferson City Police Department.**

Mr. White has named the Jefferson City Police Department as a defendant. (*See* Doc. 1-1). Police departments are not legal entities subject to suit under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments of local government, such as police departments, are not "juridical entities suable as such"). Accordingly, the complaint fails to state a claim against the Jefferson City Police Department.

**C. The complaint fails to state a claim against the Cole County Prosecuting Attorney's Office.**

Mr. White has named the Cole County Prosecuting Attorney's Office as a defendant. (*See* Doc. 1-1). A county prosecutor's office does not have capacity to be sued under Missouri law. *Kaminsky v. Missouri*, No. 4:07-CV-1213 JCH, 2007 WL 2956404, at **2-3 (E.D. Mo. Oct. 5, 2007) (holding that a county prosecutor's office does not have the capacity to be sued under Missouri law); *see Catlett v. Jefferson Cnty.*, 299 F. Supp. 2d 967, 969 (E.D. Mo. 2004) (finding no statutory authorization in Missouri law allowing county departments to be sued); *Grieme v. Andrew Cnty. Sheriff's Dep't*, No. 20-06182-CV-W-HFS, 2021 WL 5532695, at *2 (W.D. Mo. Jan. 14, 2021) ("[D]epartments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments."). The Cole County Prosecuting Attorney's Office is a department of Cole County, "functions as an administrative arm whereby the County exercises its legal rights," and cannot sue or be sued on its own behalf. *Kaminsky*, 2007 WL 2956404, at *3. Accordingly, the complaint fails to state a claim against the Cole County Prosecuting Attorney's Office.

**D. The State of Missouri/Attorney General of Missouri and the Missouri State Highway Patrol are immune from suit.**

Mr. White has named the "State of Missouri/Attorney General of Missouri" and the Missouri State Highway Patrol ("MSHP") as defendants. (*See* Doc. 1-1). The Eleventh Amendment bars claims against a state and its agencies. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (noting that "in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

A suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21,

25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159 at 165 (1985)). Accordingly, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id.* "Under Missouri law, sovereign immunity bars claims asserted against individuals in their official capacities, because such suits are regarded as being directed to the governmental entity." *Henke v. Collins*, No. 16–0371–CV–W–BP, 2017 WL 2414895, at *7 (W.D. Mo. June 2, 2017). However, "state officials may be sued in their official capacities for prospective injunctive relief." *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

The State of Missouri is immune from suit, and the complaint fails to state a claim against it. *See Webb*, 889 F.3d 485; *Conrod v. Missouri State Highway Patrol*, 810 S.W.2d 614, 617 (Mo. Ct. App. 1991) (holding that a state cannot be sued directly under § 1983 and is protected from liability for common law tort claims by sovereign immunity). The MSHP is an agency of the State of Missouri and is similarly protected by sovereign immunity. *Spotts v. City of Kansas City*, 728 S.W.2d 242, 246 (Mo. App. 1987) ("MSHP is protected by sovereign immunity."); *Humphrey v. Missouri State Highway Patrol*, No. 2:24-CR-04054-SRB, 2024 WL 3904056, at *3 (W.D. Mo. July 23, 2024).

A claim for civil damages against the Attorney General of Missouri in his official capacity is likewise a claim against the state itself and is barred by sovereign immunity. *Hafer*, 502 U.S. at 25. But the Eleventh Amendment does not bar litigants from seeking prospective injunctive relief against the Attorney General in his official capacity. *Monroe*, 495 F.3d at 594. Here, the complaint appears to seek prospective injunctive relief. (Doc. 1-1 at 7). However, to establish liability in an official-capacity suit, the plaintiff must show "that the official named in the suit took action pursuant to an unconstitutional governmental policy or custom." *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (citing *Monell*, 436 U.S. 658). As discussed earlier, the complaint does not

allege, let alone establish, that any policy or custom was a "driving force" behind the alleged violations of his rights. *Pitts v. Bennett*, No. 2:23CV00084-DPM-JTK, 2023 WL 3829456, at *3 (E.D. Ark. Apr. 17, 2023), *report and recommendation adopted*, No. 2:23-CV-84-DPM, 2023 WL 3818394 (E.D. Ark. June 5, 2023). The complaint does not allege that the Attorney General took any particular act that violated Mr. White's constitutional rights. Accordingly, the complaint fails to state a claim against the State of Missouri, the Attorney General of Missouri, and the Missouri State Highway Patrol.

**E. The complaint fails to state a § 1983 claim against Midwest Public Risk of Missouri.**

Mr. White has named Midwest Public Risk of Missouri as a defendant to the § 1983 claims. (*See* Doc. 1-1). Midwest Public Risk is alleged to be a risk pool that provides liability coverage to local governments. (*See id.* at 2). Private actors are not normally subject to suit under § 1983. *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) ("To be liable under § 1983, a private actor must be a 'willful participant in joint activity with the State' in denying a plaintiff's constitutional rights." (internal citation omitted)). A complaint must contain "allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (citing *Kearse v. Moffett*, 311 F.3d 891, 892 (8th Cir. 2002)). The complaint does not directly or indirectly suggest any kind of meeting of the minds between Midwest Public Risk and the governmental entities. Providing insurance to local governments does not suffice to state a plausible claim of joint activity with the named municipalities to deprive Mr. White of his constitutional rights. Accordingly, the complaint fails to state a § 1983 claim against Midwest Public Risk.

**F. The complaint fails to state a claim against Fifteen Unknown/Unnamed Officers and Officials in their individual and official capacities.**

Mr. White has named fifteen Unknown/Unnamed Officers and Officials of the Jefferson City Police Department, MSHP, and Cole County as defendants. (*See* Doc. 1-1). The complaint purports to bring suit against these officials in their individual and official capacities.

A suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159 at 165 (1985)). Accordingly, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id.* Similarly, "[u]nder Missouri law, sovereign immunity bars claims asserted against individuals in their official capacities, because such suits are regarded as being directed to the governmental entity." *Henke v. Collins*, No. 16–0371–CV–W–BP, 2017 WL 2414895, at *7 (W.D. Mo. June 2, 2017). Here, an official capacity suit against these unknown and unnamed officials is thus a suit against the respective governmental authority itself, either the City of Jefferson, State of Missouri, or Cole County.

The State of Missouri and its agencies are immune from suit, so the complaint fails to state an official-capacity claim against the unknown officers of MSHP. *Spotts*, 728 S.W.2d at 246 ("MSHP is protected by sovereign immunity."). As discussed above, Mr. White's complaint does not allege any facts supporting an unconstitutional policy, custom, or failure to train or supervise that would establish municipal liability for the City of Jefferson, Missouri, or Cole County, Missouri, for the alleged conduct. *See Monell*, 436 U.S. at 690; *Kelly*, 813 F.3d at 1075. To the extent that the complaints seeks prospective injunctive relief, it fails to allege "that the official named in the suit took action pursuant to an unconstitutional governmental policy or custom." *Nix*, 879 F.2d at 433 (citing *Monell*, 436 U.S. 658). Accordingly, the complaint fails to state an official-

capacity claim upon which relief can be granted as to unknown officials of the Jefferson City Police Department and Cole County, Missouri.

The Court next turns to whether the complaint states a claim against these unknown and unnamed individuals in their individual capacities. "Suits against officials in their individual capacity 'seek to impose personal liability upon a government official for actions he takes under color of state law.'" *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (quoting *Graham*, 473 U.S. at 165). A plaintiff must show that "(1) the official's conduct deprived [her] of constitutional rights, and (2) the official's actions were taken under color of law." *Hayes v. Faulkner Cnty., Ark.*, 388 F.3d 669, 675 (8th Cir. 2004). To state a claim, a complaint must contain more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

As to the unknown police officers and state troopers, the complaint alleges that certain officers violated Mr. White's constitutional rights through fabricated criminal charges, retaliatory stops and arrests, excessive force and battery, unlawful search and seizure, and false arrest. (Doc. 1-1 at 3-4). Even construed liberally, the complaint fails to state a claim against these unknown and unnamed defendants in their individual capacities. It advances conclusory statements and fails to provide sufficient factual allegations to support "more than a 'mere possibility of misconduct.'" *Iqbal*, 556 U.S. at 679; *see Stone*, 364 F.3d at 914 (holding that a pro se complaint still must allege some facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the named defendants). The complaint is vague, as it is nearly devoid of dates, locations, and other factual content. For example, the complaint alleges that Mr. White was subjected to a false arrest

but provides no factual allegations to support the conclusion that he was falsely arrested and not arrested for a proper purpose. (Doc. 1-1 at 4); *see Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" (citing *Twombly*, 550 U.S. at 555)).

The complaint also seeks to bring suit against unnamed prosecutors employed by Cole County. (Doc. 1-1 at 2). County prosecutors enjoy prosecutorial immunity for acts performed while prosecuting state criminal charges. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). This includes "prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). The complaint attempts to sue Cole County prosecutors for actions performed while prosecuting a criminal case against Mr. White. (Doc. 1-1 at 4). The complaint does not describe any specific act taken by the Cole County prosecutors while not performing their duties as county prosecutors. Prosecutorial immunity therefore bars the claims against the unknown/unnamed Cole County prosecutors. *See Okon v. Minnesota*, No. CIV. 13-1998 JRT/LIB, 2013 WL 5526705, at *3 (D. Minn. Oct. 7, 2013).

It is worth noting that the complaint tends to combine all defendants together and refer to them only as "Defendants," rather than identifying which defendant is being accused of which act. (*See* Doc. 1-1). Even if the complaint does allege some acts for which the prosecutors would not enjoy prosecutorial immunity, it still fails to state a claim. The conclusory statements in the complaint fail to provide sufficient factual allegations to support "more than a 'mere possibility of misconduct.'" *Iqbal*, 556 U.S. at 679; *see Stone*, 364 F.3d at 914 (holding that a pro se complaint still must allege some facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the named defendants). Accordingly, the complaint fails to state a cause of action

upon which relief can be granted as to the fifteen Unknown/Unnamed Officers & Officials in their individual capacities.

**G. The Court recommends that the District Judge decline to exercise supplemental jurisdiction over the remaining state law claims.**

Mr. White's complaint fails to state a claim against any named defendant under 42 U.S.C. § 1983. (*See* Doc. 1-1). The only remaining claims are state law claims for defamation per se, battery, malicious prosecution, conversion, intentional infliction of emotional distress, civil conspiracy, and "insurance bad faith." (*Id.* at 6). Because Mr. White has stated no federal cause of action, the Court recommends that the District Judge decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c).

## IV. Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order denying Mr. White's motion and dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 31st day of August, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge